**Bernard M. GRAHEK, Appellant,**

v.

**VOLUNTARY HOSPITAL COOPERATIVE ASSOCIATION OF IOWA, INC.; St. Luke's Hospital; Voluntary Hospital of America Management Services, Inc.; and Samuel T. Wallace, Appellees.**

No. 90–744.

Supreme Court of Iowa.

July 17, 1991.

Tom Riley and Sarah Riley Brown of the Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

Diane Kutzko and Mark L. Zaiger of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee Voluntary Hosp. of America Management Services, Inc.

Iris E. Muchmore and James A. Gerk of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for all other appellees.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

Bernard M. Grahek quit his job as administrative consultant with Mercy Hospital (Mercy) in Cedar Rapids to take a job with Voluntary Hospital Cooperative Associa-

tion of Iowa (VHI) and St. Luke's Hospital (St. Luke's), also in Cedar Rapids. Grahek's employment in this position was later terminated, allegedly due to his age. Grahek subsequently filed this action in six counts alleging breach of contract, breach of implied covenant of good faith and fair dealing, wrongful termination, fraudulent and negligent misrepresentation and intentional interference with contractual relations. Defendants moved for summary judgment on the grounds that Grahek's exclusive remedy was under Iowa Code chapter 601A, the Iowa Civil Rights Act. The district court granted summary judgment, and Grahek has appealed. We affirm the grant of summary judgment as to some counts and reverse and remand as to others.

## I. *Background.*

Grahek had a written agreement of employment with Mercy. One provision of the agreement was that he would be employed until age sixty-five unless terminated for specified reasons. Grahek alleges that defendant Sam Wallace, acting on behalf of VHI and St. Luke's, promised him that he would receive the same or better employment terms if he would work for them. He resigned his position with Mercy and began his employment as clinical coordinator and consultant with VHI and St. Luke's in 1983. Later in 1983, Grahek was also employed by defendant Voluntary Hospital of America Management Services, Inc. a subsidiary of Voluntary Hospitals of America (VHA). Grahek was appointed president of VHI in 1985. The defendants terminated his employment on March 11, 1987. He was then sixty-one years old.

On April 25, 1988, Grahek filed a complaint with the Iowa Civil Rights Commission (commission) alleging that he had been fired because of his age. The commission dismissed the complaint because it was filed beyond the 180-day limitations period of Iowa Code section 601A.15(12) (1987). Grahek then brought this action in district court. The court concluded that the suit, regardless of its labels, was an age discrimination action. Because the court concluded all counts of the petition were based

upon discrimination and the discrimination claim was barred because it was untimely filed, summary judgment was granted against the plaintiff on all counts.

## II. *Scope of Review.*

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(C). Applying the often quoted principles, we address the issues raised on appeal in light of the record of pleadings, affidavits, and deposition testimony submitted to the district court. *See Fogel v. Trustees of Iowa College,* 446 N.W.2d 451, 454 (Iowa 1989); *Northrup v. Farmland Indus., Inc.,* 372 N.W.2d 193, 195 (Iowa 1985).

## III. *Analysis.*

*Northrup* is the Iowa case upon which defendants primarily rely. In *Northrup,* the plaintiff claimed he had been wrongfully discharged because of a disability. We held his exclusive remedy was under chapter 601A. We affirmed the district court's entry of a summary judgment for the employer upon the common law wrongful discharge action. *Northrup,* 372 N.W.2d at 197.

The remedy provided under chapter 601A is made exclusive by section 601A.16(1) which states:

1. A person claiming to be aggrieved by an unfair or discriminatory practice must initially seek an administrative relief by filing a complaint with the commission in accordance with section 601A.15.

As noted above, Grahek's petition was in six counts. We will discuss the appropriateness of the summary judgment with respect to each count.

### A. Breach of Contract.

■ The defendants urge that Grahek's contract claim is actually a discrimination claim cast in different language and that it is an attempt to avoid the exclusive provisions of chapter 601A by means of artful pleading. We disagree.

In *Vaughn v. Ag Processing, Inc.*, 459 N.W.2d 627, 639 (Iowa 1990), we recognized that a contract claim which arose in the context of alleged discrimination was not necessarily preempted by chapter 601A. Here, Grahek alleges that he was promised employment until his sixty-fifth birthday, July 20, 1991. Although he believes he was fired because of his age, he need not prove it to be successful in his contract action. In this count he is claiming that the employment contract was breached by his premature termination in violation of the terms of the alleged contract. The claim of age discrimination is only incidental to the separate and independent cause of action for breach of contract.

■ The type of contract Grahek alleges here is distinguishable from at-will employment. In an at-will situation, either party may terminate the employment at any time for any reason except discrimination under chapter 601A or violation of public policy. *See, e.g., Smith v. Smithway Motor Xpress, Inc.*, 464 N.W.2d 682, 684–85 (Iowa 1990). Thus, termination of an employment at-will is generally not actionable in the absence of discrimination or a public policy violations. In contrast, a breach of a contract of employment for a specific period of time exists independent of civil rights violations.

The distinction is not merely one of at-will employment agreements versus employment agreements for a definite duration; the key is the nature of the action. Since in at-will employment situations involving allegations of discrimination the claim of wrongful discharge and the claim of discrimination are one and the same, Iowa Code section 601A.16 requires that the employee follow the procedures provided in that chapter. *See, e.g., Northrup*, 372 N.W.2d at 193.

In *Polk County Secondary Roads v. Iowa Civil Rights Commission*, 468 N.W.2d 811 (Iowa 1991), the plaintiff alleged the breach of a collective bargaining agreement. That agreement provided that neither the employer nor the union would discriminate against union members on the basis of, among other things, race. The defendant felt he had been discriminated against on the basis of race and initiated grievance procedures. His employer, Polk County, objected to the arbitrability of the dispute, claiming that chapter 601A was the employee's exclusive remedy. We agreed, holding that "when a violation of chapter 601A forms the basis of a public employee's grievance, arbitration is not an option." *Id.* at 817.

With a contract such as the one in *Polk County Secondary Roads*, or in an at-will employment situation, the contract claim and the civil rights claim are identical, and consequently both fall under the exclusivity provisions of section 601A.16. We hold that Grahek's contract claim and his civil rights claim are separate and distinct causes of action, and each may be pursued independently. Because we hold that chapter 601A does not preempt Grahek's contract claim under these circumstances, we reverse the district court's grant of summary judgment on this count and remand for further proceedings.

**B. Breach of Implied Covenant of Good Faith and Fair Dealing.**

■ The tort of breach of implied covenant of good faith and fair dealing has never been recognized in the employment context in Iowa. *See Fogel*, 446 N.W.2d at 456–57. We need not address the issue of whether such an action may be maintained because we hold that, in this case, any such action would be preempted by the Iowa Civil Rights Act. In order for an action for breach of implied covenant of good faith and fair dealing to lie, there must be, virtually by definition, an act of bad faith. Mere breach of contract, by itself, is not enough. Here, the only act of bad faith which Grahek alleges is age discrimination. Thus, as in at-will employment arrangements, the bad faith claim and the chapter 601A civil rights claim are the same. Therefore, chapter 601A preempts the tort claim. The trial court's grant of summary judgment is affirmed as to count II.

**C. Wrongful Termination.**

■ This count of plaintiff's petition essentially urges that Grahek was discharged

because of his age. This claim is indistinguishable from the civil rights claim Grahek filed with the commission. The district court correctly granted summary judgment on this count. *See Northrup*, 372 N.W.2d at 193.

### D. Fraudulent and Negligent Misrepresentation.

 Grahek alleges both fraudulent and negligent misrepresentations were made to him by, and on behalf of, the defendants. A statement of an intent to perform a future act is actionable in fraud if the statement is made with existing real intention not to perform. *Robinson v. Perpetual Servs. Corp.*, 412 N.W.2d 562, 565 (Iowa 1987). Similarly, one who has a pecuniary interest in a transaction and " 'supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.' " *Meier v. Alfa–Laval, Inc.*, 454 N.W.2d 576, 581 (Iowa 1990) (quoting section 552 of the Restatement (Second) of Torts (1977)).

 In the case of both fraudulent and negligent misrepresentation, the tortious act occurs at the time the representations are made, not when they later prove to be false. Thus, under section 601A.16, Grahek is not claiming to be aggrieved by the "unfair or discriminatory practice" of discriminatory discharge, but rather by the much earlier act of fraudulent or negligent misrepresentation. Therefore, the exclusivity provisions of section 601A.16 do not apply, and the Iowa Civil Rights Act does not preempt those claims. The district court's grant of summary judgment is reversed as to counts IV and V. The viability of these claims is not an issue before us.

### E. Intentional Interference With Contractual Relations.

In the final count of his petition, Grahek alleges that VHA intentionally interfered with the contract between Grahek and defendants VHI, St. Luke's and Wallace. Section 766 of the Restatement (Second) of Torts (1977), defines this tort as follows:

Intentional Interference with Performance of Contract by Third Person.

One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for pecuniary loss resulting to the other from the failure of the third person to perform the contract.

*See also Nesler v. Fisher & Co., Inc.*, 452 N.W.2d 191, 194 (Iowa 1990); *Reihmann v. Foerstner*, 375 N.W.2d 677, 683 (Iowa 1985).

 This tort is not committed by parties to the contract; the tortfeasor must interfere with a contract between another and a third person. In count I of his petition, Grahek alleges that VHA, along with the other defendants, breached a contract. It is not entirely clear from the record whether VHA was a party to the employment contract. VHA could not have both breached the contract and tortiously interfered with it.

 If VHA was not a party to the contract, the tort claim would not be preempted by Iowa Code chapter 601A. Section 601A.6 defines unfair employment practices. In relevant part it states:

I. It shall be an unfair or discriminatory practice for any:

a. Person ... to discharge any employee, or to otherwise discriminate in employment against ... any employee because of the age ... of such ... employee....

Iowa Code § 601A.6(1)(a).

Obviously only the employer, and not third parties, can discharge an employee. Moreover, we hold that the language "otherwise discriminate in employment" pertains only to employers. Therefore, acts of third parties are not "unfair or discriminatory practice[s]" for purposes of section 601A.16(1), and actions against such third parties are not preempted by chapter 601A.

The district court's grant of summary judgment is reversed as to count VI.

### IV. *Conclusion.*

The district court grant of summary judgment is affirmed as to count II, breach of implied covenant of good faith and fair dealing, and count III, wrongful termination. We reverse as to count I, breach of contract, count IV, fraudulent misrepresentation, count V, negligent misrepresentation, and count VI, intentional interference with contractual relations. We remand to the district court for further proceedings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.