Diana Marie **GREENLAND**, Appellant,

v.

**FAIRTRON CORPORATION**, Appellee.

No. 92–440.

Supreme Court of Iowa.

May 19, 1993.

Mark T. Hedberg, Des Moines, for appellant.

Candy Morgan and David H. Goldman of Black, Goldman & Powell, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

HARRIS, Justice.

Iowa Code chapter 601A (1991)[1] establishes the civil rights commission and provides statutory remedies for enforcement of basic civil rights. We have said that section 601A.16(1)[2] renders the chapter's remedies exclusive and preemptive. *Grahek v. Voluntary Hosp. Coop. Ass'n of Iowa, Inc.*, 473 N.W.2d 31, 33 (Iowa 1991); *Northrup v. Farmland Indus., Inc.*, 372 N.W.2d 193, 197 (Iowa 1985). The questions in this appeal, a case of claimed sexual harassment, have mainly to do with the extent of the preemption. The district court decided that all viable claims were preempted. We agree in part.

It is clear beyond any doubt that our law protects women from the crude and demeaning language and conduct to which the plaintiff, Diana Marie Greenland, claims to have been subjected. The language included graphic descriptions of fantasized sexual conduct and the circulation of false rumors regarding a meretricious association. The conduct included six instances of inappropriate touching. The unwelcomed remarks and conduct were those of a managerial employee at defendant Fairtron's work place, where Greenland was employed. Greenland's complaints to her supervisors were unavailing.

After filing a charge of discrimination with the Iowa civil rights commission, Greenland obtained a right-to-sue letter and brought this suit in district court. In addition to general allegations, the petition set forth four claims for recovery: (1) maintenance of a sexually hostile work environment through sexual harassment in violation of Iowa Code chapter 601A (Iowa civil rights act); (2) intentional infliction of emotional distress; (3) assault; and (4) battery. A jury was demanded on all issues.

Fairtron moved to dismiss the emotional distress, assault, and battery claims, and moved to strike the jury demand. The district court ruled that the conduct complained of did not rise to the required degree of outrageousness required for a claim for intentional infliction of emotional distress. The court also ruled that the claims of intentional infliction of emotional distress, assault, and battery were inextricably intertwined with the chapter 601A sexual harassment claim and were therefore preempted. Finally, because a jury trial is not available under chapter 601A—the only remaining claim—the court denied the request for a jury trial.

The chapter 601A claim remains pending in district court. In this interlocutory appeal Greenland challenges each of the district court's three rulings.

I. In filing their motion to dismiss, defendants, for the purposes of the motion, assume plaintiff's allegations of fact. Ruling on such a motion is not discretionary; it rests on legal grounds which we review on error. *Harned v. Farmland Foods, Inc.*, 331 N.W.2d 98, 99 (Iowa 1983). Review is limited, however; we consider only those grounds to dismiss that were asserted in trial court. *Berger v. General United Group, Inc.*, 268 N.W.2d 630, 634 (Iowa 1978). Nevertheless "if any ground asserted in the motion is good, a ruling sustain-

---

1. The chapter now appears as Iowa Code chapter 216 (1993). References in this opinion will be to the 1991 Code.

2. Iowa Code § 601A.16(1) provides in pertinent part:

A person claiming to be aggrieved by an unfair or discriminatory practice must initially seek an administrative relief by filing a complaint with the commission in accordance with section 601A.15.

ing the motion will be affirmed even though the ground trial court relied on to make its ruling was not good." *Id.*

■ II. Greenland's claim is derived from the unfair employment practices provisions of Iowa Code section 601A.6. Maintenance of a sexually hostile work environment through sexual harassment is a form of illegal sex discrimination under Iowa Code section 601A.6(1)(a). *Lynch v. City of Des Moines,* 454 N.W.2d 827, 833 (Iowa 1990).

In *Lynch* we held that:

In order to establish a valid claim of maintenance of a sexually hostile work environment through sexual harassment, it must be proven that:

(1) the plaintiff belongs to a protected class;

(2) the plaintiff was subject to unwelcome sexual harassment;

(3) the harassment was based upon sex;

(4) the harassment affected a term, condition or privilege of employment; and

(5) the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action.

*Id.*

The exclusive nature of the statutory remedy, announced in *Northrup,* was revisited in *Vaughn v. Ag Processing, Inc.,* 459 N.W.2d 627 (Iowa 1990), and *Grahek.* Preemption occurs unless the claims are separate and independent, and therefore incidental, causes of action. *Grahek,* 473 N.W.2d at 34; *Vaughn,* 459 N.W.2d at 639. The claims are not separate and independent when, under the facts of the case, success in the nonchapter 601A claims

3. The elements of the tort of intentional infliction of emotional distress are:
(1) Outrageous conduct by the defendant;
(2) The defendant's intentional causing, or reckless disregard of the probability of causing, emotional distress;
(3) Plaintiff suffered severe or extreme emotional distress; and
(4) Actual and proximate causation of the emotional distress by the defendant's outrageous conduct.
*Vaughn,* 459 N.W.2d at 635–36.

(hereafter alternative claims) requires proof of discrimination. *See Grahek,* 473 N.W.2d at 34. *Grahek* involved claims of wrongful termination and breach of an implied covenant of good faith and fair dealing. We held the claims were preempted because the only wrongful, bad faith, or unfair act alleged was age discrimination. We found the claims were therefore identical to a chapter 601A age discrimination claim. *Grahek,* 473 N.W.2d at 34–35.

Greenland's alternative claims are thus preempted if she must prove discrimination to be successful in them. The test is whether, in light of the pleadings, discrimination is made an element of the alternative claims.

■ We think the answer with regard to the emotional distress claim[3] is yes, resulting in preemption. Discrimination through sexual harassment is the "outrageous conduct" Greenland specifically alleges in her claim for intentional infliction of emotional distress. So under the facts she alleges, if she were to fail in her claim of discrimination, Greenland would necessarily fail in her claim of intentional infliction of emotional distress. Stated otherwise, it is impossible for Greenland to establish the emotional distress she alleges without first proving discrimination.

Contrary to Greenland's contention, our decisions in *Vaughn* and *Northrup* did not implicitly allow separate claims for intentional infliction of emotional distress in conjunction with chapter 601A discrimination claims. Preemption of the emotional distress claims was never raised or considered in either appeal.

■ III. Under the same test both the assault[4] and the battery[5] claims are not

4. An assault is committed when a person does:
(1) an act intended to put another in fear of physical pain or injury; [or] (2) an act intended to put another in fear of physical contact which a reasonable person would deem insulting or offensive; and the victim reasonably believes that the act may be carried out immediately.

preempted. Unlike the claim for intentional infliction of emotional distress, Greenland's claims for assault and for battery are not bound up in her discrimination complaints. On the facts alleged, discrimination becomes a part and parcel of a showing of intentional infliction of emotional distress. The assault and battery claims, on the other hand, are complete without any reference to discrimination.

■ IV. It becomes unnecessary for us to consider Greenland's assertion that the facts she alleges are sufficiently outrageous to support a traditional common-law claim for intentional infliction of emotional distress.[6]

V. The trial court also struck Greenland's jury demand. The ruling was correct insofar as it related to the chapter 601A claim, and the emotional distress claim it preempts. Greenland is however entitled to a jury trial on the assault and the battery claims. *See Vaughn,* 459 N.W.2d at 637.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Threatening words alone do not constitute an assault unless it appears that the person has the ability to carry out the threat at the time the words were spoken. Iowa Civil Jury Instruction 1900.2; *see also* Iowa Code § 708.1 (assault defined).

5. A battery is committed when a person intentionally does:
   1. An act resulting in bodily contact causing physical pain or injury[; or]
   2. An act resulting in bodily contact a reasonable person would deem insulting or offensive.
Iowa Civil Jury Instruction 1900.4.

6. We note that "[a] chapter 601A complainant may recover damages for emotional distress even without a showing of ... outrageous conduct." *Lynch,* 454 N.W.2d at 835.