**Thomas L. HARBIT, Appellant,**

v.

**VOSS PETROLEUM, INC., and Joyce Ann, Inc. d/b/a Mustang Markets, Richard Voss, Joyce Voss, Kathy Ockenfels f/k/a Kathy Voss, Kathy Voss, Inc. and Kath Streb, Appellees.**

No. 95–675.

Supreme Court of Iowa.

Sept. 18, 1996.

Dennis A. Bjorklund, Iowa City, for appellant.

Connie Alt and William H. Courter of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee Kath Streb.

Thomas D. Hobart of Meardon, Sueppel, Downer & Hayes, P.L.C., Iowa City, for remaining appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, TERNUS, and SCHULTZ,* JJ.

PER CURIAM.

Plaintiff Thomas Harbit alleges he was fired from his job with Mustang Markets, a convenience store, in retaliation for reporting the sexual harassment of employees by a store manager. He filed this suit against those he alleged to be the owners or supervisors and managers, alleging violation of his civil rights under Title VII of the civil rights act, 42 U.S.C.A. § 2000e (West 1994), breach of contract, and tortious interference with contract. The trial court granted defendants' motion for summary judgment. Harbit appeals. We affirm.

Our affirmance is not based on all theories adopted by the district court. We can affirm a trial court judgment on any ground, whether urged or not. *Bensley v. State*, 468 N.W.2d 444, 445 (Iowa 1991).

I. Summary judgment upon the civil rights claim was appropriate against Harbit's coemployees because the relief sought was unavailable as against them. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (Congress did not intend to impose individual liability on all employees), *cert. denied*, 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994). Supervisors are not liable. *See Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir.) (affirming dismissal of Title VII claim against supervisor), —— U.S. ——, 116 S.Ct. 569, 133 L.Ed.2d 493 (1995); *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 569, 133 L.Ed.2d 493 (1995); *Lankford v. City of Hobart*, 27 F.3d 477, 480 (10th Cir.1994); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir.),

_____

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1995).

*cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994).

■ II. Summary judgment on the civil rights claim was correctly granted for the corporate defendants because there is no genuine issue of fact concerning an employment relationship between them and plaintiff. In defending against a motion for summary judgment, it is not sufficient for the plaintiff to rely on the bare assertions of a petition. *See* Iowa R. Civ. P. 237(e); *Marks v. Estate of Hartgerink,* 528 N.W.2d 539, 544 (Iowa 1995). Voss Petroleum, Inc. and Joyce Ann, Inc. (whom plaintiff alleged were doing business as Mustang Markets) denied the employment relationship in their answer and also, in answers to interrogatories, asserted they were not Harbit's employer. Harbit has not come forward with any evidence that disputes this position.

■ III. Plaintiff's claim of tortious interference with a contract also fails. He alleges all defendants were either his employers or their agents. We have said that the tort of malicious interference with a contract can only be committed by a third party, not a party to that contract. *Grahek v. Voluntary Hosp. Coop.,* 473 N.W.2d 31, 35 (Iowa 1991); *Nesler v. Fisher & Co.,* 452 N.W.2d 191, 194 (Iowa 1990). In *Klooster v. North Iowa State Bank,* 404 N.W.2d 564, 570 (Iowa 1987), we noted that some authorities recognize rare exceptions to this rule. We did not adopt any exceptions, only noted they would not be implicated under the facts. We make the same observation here, emphasizing we express no view on the validity of any exceptions to the rule in *Grahek* and *Nesler* noted above.

■ IV. Harbit's breach-of-contract claim against the individual defendants fails because, under his pleadings, none of those defendants are parties to the contract. The breach-of-contract claim against the corporate defendants also fails because it is grounded on an employment relationship that does not exist under division II of this opinion. Authority seems unnecessary for the proposition that only a party to a contract can be guilty of breaching it.

**AFFIRMED.**