Gerald ALDERSON, Michael Benton, Matthew Boyle, Perry Bump, Jay Coffland, Rudolf Dudley, Daryl Eberhart, Don Eis, Warren Engelbart, James R. Grieder, David Helm, David Hinton, Gary Hubler, Don Hughes, Richard Hughes, Dave Johnson, Douglas Koch,

Richard Labs, Mark Lipcamon, Kenneth Lovell, Logan Marr, Jr., Carl Marsh, Charles McManemy, Ave Mueller, Floyd Mumm, John Poppe, Randy L. Quinby, Scott Reilly, Carl Robinson, Brad Ross, Fred H. Schnipkoweit, Mark Schumacher, Seymour Shuman, Howard Siders, Duane Speicher, Jeff Stepanek, Christopher Steger, Paul Widel, and Christopher Winters, Appellants,

v.

**ROCKWELL INTERNATIONAL CORPORATION, Appellee.**

No. 95–957.

Supreme Court of Iowa.

March 26, 1997.

Rehearing Denied April 18, 1997.

Robert F. Wilson and Robert W. Matias, Cedar Rapids, for appellants.

Donald G. Ribble, Matthew J. Nagle, and Thomas D. Wolle of Lynch, Dallas, Smith & Harman, P.C., Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

These forty-three plaintiffs, former employees of Rockwell International's Cedar Rapids plant, were discharged in 1989 as a part of a company layoff. The plaintiffs sued Rockwell, claiming that at the time of their hiring Rockwell represented that they would be employed for three to five years, but in fact they were discharged in less than two. A jury found that Rockwell had negligently misrepresented the period of employment, but it found that disclaimers contained in the plaintiffs' employment applications precluded their recovery. Judgment was entered accordingly, and the plaintiffs appealed. We affirm.

In 1994 we filed *Barske v. Rockwell International Corp.,* 514 N.W.2d 917 (Iowa 1994), in which fifty-four former employees sued Rockwell for their discharge at the same time these plaintiffs were discharged. Various theories were alleged in *Barske,* including negligent misrepresentation, and the jury awarded damages to the plaintiffs. The district court set aside the damage award on the ground that the suit was preempted by federal labor law and the parties' collective bargaining agreement. We held that the suit was not preempted and reversed. *Barske,* 514 N.W.2d at 925. The underlying facts were set out in *Barske,* and we need not set them out again in detail.

The plaintiffs claim that they left good jobs to work for Rockwell, and many of them moved to Cedar Rapids to join Rockwell. The layoff resulted in substantial lost earnings for the plaintiffs. Rockwell responds that its representatives made no statements as to any period of employment, although it admits that Job Service did make such statements in a postcard received by two of the plaintiffs. Rockwell argues that negligent misrepresentation under Restatement (Second) of Torts section 552 (1977) requires that a defendant be in the business of supplying information, and Rockwell does not fit into that category.

Rockwell also argues that the disclaimer contained in the employees' job applications waived any claim for termination of their at-will employment. Because we hold that a negligent misrepresentation claim will not lie under the circumstances of this case, we do not address the disclaimer issue.

■ Our cases have consistently held that, with two exceptions, an at-will employment may be terminated by either party at any time and for any lawful reason. *See, e.g., Fry v. Mount,* 554 N.W.2d 263, 265 (Iowa 1996); *French v. Foods, Inc.,* 495 N.W.2d 768, 769–70 (Iowa 1993); *Fogel v. Trustees of Iowa College,* 446 N.W.2d 451, 455 (Iowa 1989). The two exceptions to this general rule are (1) when a discharge violates public policy, and (2) when an implied contract of employment is created by a handbook or employees' policy manual suggesting that discharge will occur only under certain circumstances. *Fry,* 554 N.W.2d at 265; *French,* 495 N.W.2d at 770. Neither exception applies here.

These plaintiffs acknowledge the general rule of no liability, but they argue that it has no application here because their suit is based on tort, not contract. We rejected that argument in *Fry* (decided after the trial of this case), however, because allowing recovery "would permit an at-will employee . . . to potentially recover in tort on the same factual grounds on which the law would deny him recovery in contract." *Fry,* 554 N.W.2d at 266.

■ Our general rule is that negligent misrepresentation under Restatement section 552 applies only to a defendant who is in the business of supplying information to others. *Id.* at 265–66; *Freeman v. Ernst & Young,* 516 N.W.2d 835, 838 (Iowa 1994). The plaintiffs acknowledge the general rule, but they argue that we have nevertheless recognized the tort of negligent misrepresentation in the employment context, citing *Barske* and *Grahek v. Voluntary Hospital Cooperative Ass'n,* 473 N.W.2d 31 (Iowa 1991). Those cases, however, are distinguishable because the specific issue was not raised in either case. In *Barske*

> our decision [reversing a judgment for the employer in a wrongful termination of employment case] turned on the question of whether terms of a collective bargaining agreement preempted the plaintiffs' claim, not whether the claim itself was viable.

*Fry,* 554 N.W.2d at 266.

■ Similarly, *Fry* distinguished *Grahek* on the basis that the latter case turned on the question of whether such a claim would be preempted by the Iowa Civil Rights Act, not whether the claim was valid. *Id.* at 266. In fact, in *Grahek* we expressly declined to rule on the viability of such a claim. *Grahek,* 473 N.W.2d at 35. We reaffirm our holding in *Fry* that an action for negligent misrepresentation under Restatement (Second) of Torts section 552 will not lie for alleged wrongful termination of employment.

These plaintiffs ask that we apply principles of issue preclusion and hold that the ruling in *Barske* is binding because it recognized that Rockwell's employees had a viable negligent misrepresentation claim. However, for preclusion to apply, one of the requirements is that the issue be identical to the one previously decided. *State ex rel. Casas v. Fellmer,* 521 N.W.2d 738, 741 (Iowa 1994). For the reasons previously discussed, the issues in *Barske* and the present case are not identical, and *Barske* can therefore have no preclusive effect in this case.

We have considered other arguments of the parties, including Rockwell's cross-appeal claim that it should have been granted a directed verdict. We find all of the other arguments raised by the parties either to

have no merit or unnecessary to discuss in view of our disposition of the case.

**AFFIRMED.**