# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2287

_____

Patricia A. Piziali,       *
              *
    Appellant,      *
              * Appeal from the United States
   v.          * District Court for the
              * Southern District of Iowa.
Grand View College; Martha Davis, *
              *   [UNPUBLISHED]
    Appellees.      *

_____

Submitted: February 2, 2000
Filed: February 11, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Grand View College (GVC) hired Patricia A. Piziali under a renewable contract as an assistant professor of education. She later declined a second contract. Piziali now appeals the District Court's[1] adverse grant of summary judgment in her subsequent employment discrimination action against GVC and Martha Davis, the education department chair, under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213 (1994), and the Iowa Civil Rights Act of 1965 (ICRA), Iowa Code

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

§§ 216.1-216.20 (1999). For reversal, Piziali argues the grant of summary judgment was premature, and the District Court incorrectly found that she was not a qualified individual under the ADA and ICRA, and that her ADA and ICRA claims against her supervisor, and her constructive-discharge and emotional-distress claims, were not viable.

Having carefully considered the record and viewing the evidence in a light most favorable to Piziali, see Young v. Warner-Jenkinson Co., 152 F.3d 1018, 1021 (8th Cir. 1998), we conclude that summary judgment was proper. Initially, we must reject Piziali's argument that summary judgment was premature, as she failed to file an affidavit, as required under Federal Rule of Civil Procedure 56(f), showing what specific information additional discovery would reveal. See Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999) (where party fails to carry burden under Rule 56(f), postponement of ruling on summary judgment is unjustified).

To establish a prima facie case under the ADA and ICRA, Piziali had to show she was disabled within the meaning of the statutes, qualified to perform the essential functions of her job with or without accommodation, and suffered an adverse employment action. See Young, 152 F.3d at 1021-22 (ADA); Vincent v. Four M Paper Corp., 589 N.W.2d 55, 60 (Iowa 1999) (ICRA). Because Piziali applied for and was granted social security disability insurance benefits (DIB), she also was required to explain sufficiently any apparent contradiction. See Cleveland v. Policy Management Sys. Corp., 119 S. Ct. 1597, 1603 (1999).

We find Piziali failed to rebut defendants' evidence that she was not qualified to perform her job with or without accommodation. Multiple entries in the record, including Piziali's complaints to her physicians and her representations on her DIB application, show that she was physically unable to meet the essential functions of her job, and although she argues that she would have been if all of her requested

accommodations had been granted, we find some of her requested accommodations were not reasonable, because they would have required reassigning others to perform her duties or eliminating essential functions of her job. See Fjellestad v. Pizza Hut of America, Inc., 188 F.3d 944, 950 (8th Cir. 1999) (employer is not required to reallocate or eliminate essential functions of job to accommodate disabled employee). Piziali's inability to perform after being granted various accommodations during the second half of her contract further undermines her claim that she was a "qualified" individual under the ADA and ICRA.

Thus, we agree with the District Court that the issue of the viability of her ADA and ICRA claims against her supervisor individually is moot, and conclude that the District Court was correct in declining to address Piziali's constructive-discharge claim. See Cody v. Cigna Healthcare of St. Louis, Inc., 139 F.3d 595, 598 (8th Cir. 1998) (in all constructive-discharge cases under ADA, plaintiff must first make out prima facie case of discrimination).

Finally, we conclude that to the extent Piziali's emotional-distress claims were not precluded by the ICRA, see Greenland v. Fairtron Corp., 500 N.W.2d 36, 38 (Iowa 1993), they are meritless, because the alleged conduct was not outrageous under applicable state law, see Taggart v. Drake Univ., 549 N.W.2d 796, 802 (Iowa 1996) ("conduct must be extremely egregious; mere insult, bad manners, or hurt feelings are insufficient"; factor of supervisory authority over plaintiff did not make defendant's conduct outrageous); Cutler v. Klass, Whicher & Mishne, 473 N.W.2d 178, 183 (Iowa 1991) (peculiar susceptibility because of physical or mental condition is factor to consider, but major outrage is always crucial element).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.