# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1947
_____

Brandon A. Mastin

*Plaintiff - Appellant*

v.

Navistar, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: November 29, 2021
Filed: January 14, 2022
[Unpublished]

_____

Before ERICKSON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

In this diversity action arising from an employment dispute, Brandon Mastin appeals after the district court[1] dismissed his pro se complaint for failure to state a claim. For the reasons stated below, we affirm.

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Mastin filed his complaint in Iowa state court, naming his former employer, Navistar, Inc., and claiming breach of contract, breach of an implied warranty of good faith, defamation, intentional infliction of emotional distress, and tortious interference. Mastin attached to his complaint copies of a letter from Navistar offering him employment and Navistar's Sales Incentive Program (SIP) handbook. After Navistar removed the action to the district court, Mastin moved to strike certain language from the notice of removal. The reason was that the language allegedly came from settlement negotiations, but the district court denied the motion. The district court later granted Navistar's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

To begin, we discern no error in the denial of Mastin's motion to strike. See Grinnell Mut. Reinsurance Co. v. Haight, 697 F.3d 582, 585 (7th Cir. 2012) (although settlement negotiations are not admissible at trial to prove liability for claim and its amount, they can be considered to determine amount in controversy for diversity jurisdiction).

Upon careful de novo review, we affirm the district court's dismissal of Mastin's claims. See Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933 n.4 (8th Cir. 2012) (standard of review). Specifically, Mastin's claim for breach of an implied warranty of good faith was not cognizable, see Phipps v. IASD Health Servs. Corp., 558 N.W.2d 198, 204 (Iowa 1997) ("In Iowa, the tort of breach of implied covenant of good faith and fair dealing has never been recognized in the employment context."); he failed to allege facts indicating Navistar's post-termination communications to others were defamatory, see Huegerich v. IBP, Inc., 547 N.W.2d 216, 221 (Iowa 1996) (gist of defamation is publication of statements which tend to injure person's reputation); he failed to allege facts indicating Navistar's conduct was outrageous, see Vaughn v. Ag Processing, Inc., 459 N.W.2d 627, 635-36 (Iowa 1990) (en banc) (claim for intentional infliction of emotional distress requires, inter alia, outrageous conduct and that such conduct caused severe or extreme emotional distress; conduct must be so extreme in degree as to go beyond all possible bounds of decency); and he failed to plausibly indicate how Navistar, as

a party to the alleged contract, could be liable for tortious interference, see Harbit v. Voss Petroleum, Inc., 553 N.W.2d 329, 331 (Iowa 1996) (per curiam) (tort of malicious interference with contract can only be committed by third party, not party to contract).

To the extent Mastin alleged that Navistar breached a contract for continued employment, Navistar's offer letter and the SIP handbook contained disclaimers clearly stating that his employment was "at will," thus negating any intent by Navistar to form such a contract. See Anderson v. Douglas & Lomason Co., 540 N.W.2d 277, 287 (Iowa 1995) (disclaimer in document from employer can prevent formation of contract by clarifying intent of employer not to make offer; essential purpose of disclaimer is to claim at-will status for employment relationship). Nevertheless, even assuming a contract existed, Mastin himself pleaded that the payout date was the final day of October 2018, and that he was no longer employed by Navistar by that date. See Complaint at ¶ 39. Accordingly, Mastin does not meet the criteria for payout eligibility per the terms of the SIP, which required that employees must be "actively employed on the payout date" to receive a payment.

The judgment of the district court is affirmed.

_____