Jane MAGERS–FIONOF, Martha Hock, Linda Owings, James Arvidson, Joe Lynch, Greg Nepstad, and Mark Russo, Appellants,

v.

STATE of Iowa, Appellee.

No. 95–1190.

Supreme Court of Iowa.

Nov. 20, 1996.

Wallace L. Taylor, Cedar Rapids, and Gregory T. Racette of Hopkins & Huebner, P.C., Des Moines, for appellants.

Thomas J. Miller, Attorney General, and Michael Paul Valde and Michael H. Smith, Assistant Attorneys General, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

NEUMAN, Justice.

This is an appeal by citizens disenchanted with the State's forestry management practices. They sued, claiming monetary damages for alleged losses caused by the State's policy of permitting commercial harvesting of trees on state-owned property. The district court dismissed their petition for failure to state a claim upon which relief may be granted. We affirm.

## I. *Background.*

Plaintiffs learned in 1993 that the Iowa Department of Natural Resources (DNR) and its predecessor, the Iowa Conservation Commission, have been harvesting mature, healthy trees in Walnut Woods State Park, Ledges State Park, and Pikes Peak State Park. Further inquiry revealed that at least 2700 trees have been logged in Iowa's state parks since 1977. Armed with this knowledge, plaintiffs commenced a class-action suit against the State under the Iowa Tort Claims Act. *See* Iowa Code ch. 669 (1995).

Plaintiffs' petition does not seek to enjoin the State's tree-harvesting practices. Rather it seeks money damages to compensate the plaintiffs, and all others who visit the State's parks, for their personal loss of use and enjoyment of the logged trees. Plaintiffs base their suit on Iowa Code section 658.4. That statute provides:

> For willfully injuring any timber, tree, or shrub on the land of another, or in the street or highway in front of another's cultivated ground, yard, or city lot, or on the public grounds of any city, or any land held by the state for any purpose whatever, the perpetrator shall pay treble damages at the suit of any person entitled to protect or enjoy the property.

Iowa Code § 658.4.

The State moved to dismiss, claiming section 658.4 creates no private cause of action against the State for injury to trees grown in state parks. The district court sustained the motion, observing that the Iowa Administrative Procedure Act provides the exclusive

means of challenging the DNR's forestry management practices. This appeal by plaintiffs followed.

## II. *Issues on Appeal and Scope of Review.*

■■■ Plaintiffs contend the court read too narrowly the purpose of section 658.4 and, therefore, erred in its dismissal of their petition. We review such a claim for errors at law. *Venard v. Winter,* 524 N.W.2d 163, 165 (Iowa 1994). When reviewing an order sustaining a motion to dismiss, we are obliged to view the allegations of the petition in their most favorable light, resolving doubts in the plaintiffs' favor, and upholding the ruling only if the plaintiffs are unable to sustain their cause of action under any state of facts provable under the petition. *See Lundy v. Iowa Dep't of Human Serv.,* 376 N.W.2d 893, 894 (Iowa 1985). "At issue is [plaintiffs'] right of access to district court, not the merit of [their] allegations." *Id.*

■■ Plaintiffs argue in the alternative that their cause of action for damages finds support in the public trust doctrine. *See, e.g., State v. Sorensen,* 436 N.W.2d 358, 361–63 (Iowa 1989) (generally discussing state stewardship of public property as it pertains to navigable waterways). They raised this issue in resistance to the State's motion to dismiss, but the district court did not address it. Even if the doctrine were implicated here (a matter about which we are very doubtful), plaintiffs sought no expansion of the court's ruling to preserve the question for appeal. Thus the issue is not before us for review. *State Farm Mut. Auto. Ins. Co. v. Pflibsen,* 350 N.W.2d 202, 207 (Iowa 1984).

## III. *Viability of Plaintiffs' Claim Under Section 598.4.*

■■ At the heart of this controversy lies the question whether plaintiffs' petition states a claim as defined in chapter 669, the Iowa Tort Claims Act. Pertinent to this suit, the Act permits private parties to recover money damages for the negligent or wrongful acts of state employees "where the state, if a private person, would be liable to the claimant for such damage...." Iowa Code § 669.2(3)(a). The Act creates no new

causes of action. *Engstrom v. State,* 461 N.W.2d 309, 314 (Iowa 1990). It "merely recognizes and provides a remedy for a cause of action already existing which would have otherwise been without remedy because of common law immunity." *Id.*

■■ Before plaintiffs can recover in tort against the State or any other defendant, they must show a duty owed them by the wrongdoer and a violation of that duty. *Id.* at 315. Here plaintiffs claim the State's duty to them arises under section 658.4. Arrogating to themselves the ownership of trees on public lands, they argue the statute permits them recovery against a "perpetrator"—in this case, the State—who willfully injures any timber on "their land." *See* Iowa Code § 658.4.

Plaintiffs' argument, though unquestionably sincere, cannot withstand close scrutiny. Section 658.4, contained in a chapter entitled "Waste and Trespass," has throughout its long history been interpreted to furnish relief to property owners for damage by trespassers. *See Parker v. Parker,* 102 Iowa 500, 505, 71 N.W. 421, 422 (1897) (penal statutes prohibiting unauthorized timbering were enacted because at common law mere trespass was not indictable); *Johnson v. Tyler,* 277 N.W.2d 617, 618 (Iowa 1979) (common-law action for trespass and punitive damages would be alternative to action brought by property owners under section 658.4, paying treble damages); *Bangert v. Osceola County,* 456 N.W.2d 183, 191 (Iowa 1990) (affirming landowners' trespass action against county for wrongful removal of trees). The State concedes that these plaintiffs, as taxpaying citizens, might conceivably claim a proprietary interest in the enjoyment of state park trees. Acknowledging that interest, however, does not thereby divest the State of its ownership of the parks, or the trees, in question. *See* Iowa Code § 461A.10 (vesting title to all lands "purchased, condemned, or donated" for park purposes in the State).

The DNR is, by statute, delegated the duty to manage state parks. Iowa Code § 455A.2. Its power is exercised in accordance with policies established by a natural resources commission. *See generally* Iowa

Code § 455A.5. Consistent with this delegation of authority, DNR employees are specifically exempted from the law barring the removal, destruction, or injury of trees or other plant life on public lands. Iowa Code § 461A.41. Clearly these statutes contradict the novel interpretation of section 658.4 advanced by plaintiffs on this appeal.

Plaintiffs' counsel conceded in oral argument that even if plaintiffs "enjoyed" trees grown on a neighbor's land, plaintiffs would have no right to seek compensation for their neighbor's willful destruction of their own trees. No recognized duty exists to support such a cause of action. So it is with the facts before us. Because the plaintiffs could not recover against a private landowner for the conduct complained of here, plaintiffs can sustain no cognizable claim against the State under section 669.2(3)(a) of the Tort Claims Act. Thus the district court correctly determined as a matter of law that the State's ownership and management authority over publicly owned forests precludes a citizen's suit for money damages against DNR employees carrying out their statutory mandate on state-owned lands.

**AFFIRMED.**