**Frank S. CHIAVETTA, Appellant,**

v.

**IOWA BOARD OF NURSING and State of Iowa, Appellees.**

No. 97–1976.

Supreme Court of Iowa.

June 3, 1999.

Martin A. Diaz of Martin A. Diaz Law Firm, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Linny Emrich, Grant K. Dugdale, and Jeanie Kunkle Vaudt, Assistant Attorneys General, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and CADY, JJ.

NEUMAN, Justice.

Appellant, Frank Chiavetta, claims he suffered gender discrimination at the hands of the Iowa Board of Nursing. The principal question on appeal is whether his suit for damages may be brought under

Iowa Code chapter 216—the Iowa Civil Rights Act—or whether Iowa Code chapter 17A furnishes the exclusive means of remedying discrimination alleged to have been committed by a state licensing board. A related question concerns the State's liability for damages under 42 U.S.C. § 1983. These matters are before us on the defendants' joint motion to dismiss, sustained by the district court. Because federal law restricts Chiavetta's § 1983 claim against State officials, but Iowa Code section 216.16(1) (1997) authorizes Chiavetta's cause of action under Iowa's civil rights statute, we affirm in part, reverse in part, and remand for further proceedings.

## I. Background Facts and Proceedings.

We glean the following facts from Chiavetta's petition. Frank Chiavetta is a registered nurse. In January 1985, following a disciplinary hearing, the Iowa Board of Nursing (board) revoked his license for a period of three years. Chiavetta unsuccessfully sought reinstatement in 1988. The board eventually reinstated Chiavetta's license in June 1991 subject to a five-year probationary period.

Chiavetta alleges the board "placed unreasonably severe restrictions on [his] ability to utilize his license." As a result of what he perceived to be the board's harsh treatment, Chiavetta filed a complaint of gender-based discrimination in August 1991 with the Iowa Civil Rights Commission (ICRC). Thereafter Chiavetta requested reconsideration by the board. According to his petition, the board "not only up[held] its ruling of June 1991, but add[ed] an additional restriction, thereby punishing Plaintiff for his decision to file a discrimination complaint."

In 1993, Chiavetta sought guidance from the board regarding the terms of his probation and what would be required to lift it. The board allegedly refused to lift the probation and instead imposed further punishment by preventing him from seeking reinstatement for one year. Meanwhile the ICRC concluded its investigation, finding probable cause existed to support Chiavetta's claim of discrimination and retaliation. Eighteen months later, in August 1996, the nursing board issued Chiavetta a restriction-free license to practice nursing.

Chiavetta obtained a right-to-sue letter from the ICRC in January 1997. He then filed a petition against the Board of Nursing and the State of Iowa seeking damages pursuant to Iowa Code chapter 216 and 42 U.S.C. § 1983 for sex discrimination in violation of his civil rights. His petition claimed the conduct of the board in "unduly restricting" his license was discriminatorily based on sex, and its additional restrictions on his probationary status and reinstatement were retaliatory in nature, all in violation of Iowa Code sections 216.7 and 216.11. As a result, the petition claims, Chiavetta has suffered economic harm and emotional distress entitling him to compensatory damages and attorney fees in accordance with Iowa Code section 216.15(8).

The board and State responded by moving to dismiss Chiavetta's petition. Their motion urged two grounds for dismissal: (1) these defendants are not "persons" subject to suit under 42 U.S.C. § 1983, and (2) judicial review under Iowa Code chapter 17A is the exclusive means of challenging disciplinary action by the board. The district court sustained the motion on the grounds urged, and this appeal by Chiavetta followed.

## II. Scope of Review.

■ Because this case reaches us on appeal from a pre-answer motion to dismiss, we accept as true all well-pleaded allegations of the petition. *Tate v. Derifield,* 510 N.W.2d 885, 887 (Iowa 1994). Our concern is with plaintiff's access to the district court, not the merit of his allegations. *Magers–Fionof v. State,* 555 N.W.2d 672, 674 (Iowa 1996). We may uphold the dismissal ruling only if Chiavetta is "unable to sustain [his] cause of action

under any state of facts provable under the petition." *Id.*

### III. Issues on Appeal.

 A. *§ 1983 claim.* At the outset Chiavetta concedes this court is bound by the United States Supreme Court's determination that neither a state nor its officials acting in their official capacities are "persons" subject to suit for civil rights violations under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45, 58 (1989). Such suits may only be brought against government officials in their individual capacities. *Hafer v. Melo,* 502 U.S. 21, 25–26, 112 S.Ct. 358, 362, 116 L.Ed.2d 301, 310 (1991). "A State may not, by statute or common law, create a cause of action under § 1983 against an entity whom Congress has not subjected to liability." *Howlett v. Rose,* 496 U.S. 356, 376, 110 S.Ct. 2430, 2442–43, 110 L.Ed.2d 332, 353 (1990). We therefore affirm the district court's dismissal of the § 1983 count of Chiavetta's petition.

 B. *Cause of action under Iowa Code chapter 216.* The fighting issue is whether Chiavetta may sue the board for alleged civil rights violations suffered in connection with his disciplinary proceedings or whether, as the district court held, chapter 17A furnishes "the exclusive means for challenging a disciplinary decision by a professional licensing board." Resolution of the controversy turns on the application of Iowa Code section 216.16(1). The statute provides in pertinent part:

A person claiming to be aggrieved by an unfair or discriminatory practice must initially seek an administrative relief by filing a complaint with the [civil rights] commission in accordance with section 216.15. *This provision also applies to persons claiming to be aggrieved by an unfair or discriminatory practice committed by the state or an agency or political subdivision of the state, notwithstanding the terms of the Iowa administrative procedure Act.* A complainant after the proper filing of a complaint with the commission, may subsequently commence an action for relief in the district court. . . .

Iowa Code § 216.16(1) (emphasis added). Chiavetta contends the statute plainly affords him the right to maintain a cause of action for the board's allegedly discriminatory practices. The board argues, essentially, that the statute cannot mean what it says.

Underlying the parties' dispute is a fundamental disagreement over the conduct addressed by Chiavetta's suit. The board claims its disciplinary authority is under fire. Chiavetta counters that he is not seeking to overturn the board's decision but rather is seeking compensation "for the wrong committed . . . in unfairly disciplining him on the basis of his sex and for retaliating against him for asserting his statutory rights." Although the distinction he draws is awfully fine, we think Chiavetta's petition, read in the most favorable light, bears out his claim that the board's conduct—not his—is at issue here. The question is whether his exclusive redress lies with the board. We think not.

The exclusivity provision of the administrative procedure act, Iowa Code section 17A.19, states in pertinent part:

*Except as expressly provided otherwise by another statute referring to this chapter by name,* the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action.

(Emphasis added.) Insofar as concerns "the rights created and the requirements imposed" under chapter 17A, they prevail "unless the other statute expressly provides that it shall take precedence over all or some specified portion of this named chapter." Iowa Code § 17A.23.

It is beyond dispute that a professional licensing board's disciplinary rulings constitute agency action. Iowa Code

§ 17A.2(2). The state specifically grants each licensing board the power to "[i]nitiate and prosecute disciplinary proceedings," and "[i]mpose licensee discipline." Iowa Code §§ 272C.3(1)(e), (f) & (2) (authority of licensing boards). Additionally, disciplinary actions by the board are considered contested cases and subject to the judicial review provisions of section 17A.19. Iowa Code §§ 17A.2(5), 272C.5(2)(a), 272C.6(4).

It appears, however, the legislature has expressly carved out an exception to this administrative framework for actions commenced under Iowa Code section 216.16(1). The nursing board plainly falls within the statute's reference to "an agency ... of the state." *See* Iowa Code § 216.16(1). And the civil rights statute, by its terms, applies "notwithstanding" otherwise controlling provisions of the administrative procedure act. *Id.*

In support of the district court's dismissal, the board now claims that even if section 216.16(1) might be read as an exception to the exclusivity provisions of chapter 17A in some realms (*e.g.*, employment), the exception does not apply here because a licensing board is not a public accommodation. The argument highlights the fact that chapter 216 governs redress for discriminatory practices in selected areas: employment, housing, education, consumer financing, and public accommodations. Iowa Code §§ 216.6–.10. Chiavetta's petition alleged the nursing board is a "Public Accommodation as defined in Iowa Code Chapter 216.2(12)." By definition, public accommodation includes

> each state and local government unit or tax-supported district of whatever kind, nature, or class that offers services, facilities, benefits, grants or goods to the public, gratuitously or otherwise.

Iowa Code § 216.2(12). Pertinent to Chiavetta's suit, section 216.7(1)(a) makes it an unfair or discriminatory practice for a public accommodation

> [t]o refuse or deny to any person because of ... sex ... the accommoda-

tions, advantages, facilities, services, or privileges thereof, or otherwise to discriminate against any person because of ... sex ... in the furnishing of such accommodations, advantages, facilities, services, or privileges.

■ The argument that the nursing board is not a public accommodation is advanced by the board for the first time on appeal. The challenge was neither included in defendants' motion to dismiss, nor mentioned in their accompanying brief. The district court's ruling spoke solely to the exclusivity of chapter 17A. It did not address the status of the nursing board as a public accommodation as a precondition to maintaining suit under chapter 216. Although the question now posed by the defendants is an interesting one, it plainly was not presented to the district court and, accordingly, is not properly before us for review. *See Estabrook v. Iowa Civil Rights Comm'n*, 283 N.W.2d 306, 311 (Iowa 1979) ("This court does not address issues, even of constitutional magnitude, not presented to the district court."). We give the question no further consideration on this appeal.

Returning to the question of exclusivity, we believe two prior decisions of the court aid in our analysis. *See Hollinrake v. Monroe County*, 433 N.W.2d 696 (Iowa 1988); *Jew v. University of Iowa*, 398 N.W.2d 861 (Iowa 1987). Each case rested on the proposition that "the exclusivity of the judicial review procedures of section 17A.19, as a means of assailing acts or omissions of administrative agencies, must necessarily vary, based on the context of the transaction." *Jew*, 398 N.W.2d at 864; *accord Hollinrake*, 433 N.W.2d at 699. In *Jew*, as in the present case, plaintiff challenged agency action (termination of her state university employment contract) on the ground it violated her civil rights, thus giving rise to a cause of action under the Iowa Civil Rights Act. *See Jew*, 398 N.W.2d at 863 (referencing Iowa Code chapter 601A, the predecessor to Iowa

Code chapter 216). We agreed, observing that where the challenged agency action (sexual harassment) bears scant relation to the agency's mandate, proceedings under chapter 17A are not exclusive. *Id.* at 864. By contrast, *Hollinrake* involved a civil rights challenge to agency rule making authority. We distinguished the case from *Jew*, noting the challenge struck at the very heart of the Iowa Law Enforcement Academy's statutory duty—enacting physical fitness rules for peace officers. *See Hollinrake*, 433 N.W.2d at 697–98. We held such a direct attack on the agency's statutory authority must be confined to chapter 17A. *Id.* at 699–700.

We believe the principles drawn from *Jew* and *Hollinrake* are consistent with our belief that section 216.16(1) operates as an exception to the exclusivity provision of section 17A.19. Chiavetta's suit falls outside the scope of the nursing board's statutory mandate to license and discipline nurses in this state.. Moreover, no published agency rule is implicated. The suit is simply about gender discrimination, a matter not within the agency's exclusive province. As we intimated in *Jew*, the legislature recognized these distinctions when it added the exception to section 216.16(1) at issue here. *Jew*, 398 N.W.2d at 865 n. 1.

Accordingly, we reverse the district court's dismissal of Chiavetta's claim for damages under Iowa Code chapter 216 and remand for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**