# IN THE COURT OF APPEALS OF IOWA

No. 18-1613
Filed October 23, 2019

**EERIEANNA GOOD and CAROL BEAL,**
    Petitioners-Appellants,

**vs.**

**IOWA DEPARTMENT OF HUMAN SERVICES,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.

The petitioners, who successfully challenged a department rule as violating provisions of law, appeal the district court's denial of their request for attorney fees and costs. **AFFIRMED.**

Seth A. Horvath, F. Thomas Hecht, and Tina B. Solis of Nixon Peabody LLP, Chicago, Illinois, Rita Bettis Austen of ACLU of Iowa Foundation Inc., Des Moines, and John Knight of ACLU Foundation LGBT & HIV Project, Chicago, Illinois, for appellants.

Thomas J. Miller, Attorney General, and Matthew K. Gillespie, Assistant Attorney General, for appellee.

Heard by Vaitheswaran, P.J., and Potterfield and Mullins, JJ. Gamble, S.J., takes no part.

**POTTERFIELD, Judge.**

EerieAnna Good and Carol Beal successfully challenged a regulation adopted by the Iowa Department of Human Services (DHS) that prohibited Iowa Medicaid coverage of surgical procedures related to "sex reassignment" and "gender identity disorders." *See* Iowa Admin. Code r. 441-78.1(4). In a recent ruling, our supreme court determined the rule's exclusion of coverage for gender-affirming procedures violates the Iowa Civil Rights Act (ICRA), which includes "gender identity" as a protected characteristic. *See Good v. Iowa Dep't of Human Servs.*, 924 N.W.2d 853, 862–63 (Iowa 2019).

In this case, Good and Beal appeal the district court ruling denying their application for attorney fees and costs incurred in their challenge of the regulation.[1] They brought their request for fees under the ICRA, *see* Iowa Code § 216.16(6) (2018), and the Iowa Equal Access to Justice Act, *see id.* § 625.29. The district court determined neither statute permitted an award of fees and denied the request. Good and Beal maintain the district court erred in its interpretation of the statutes; they ask us to reverse the denial of their request and remand to the district court for the determination of the amount of reasonable attorney fees.

---

[1] This issue was not included in the case already decided by our supreme court because DHS appealed the district court's ruling on the merits before the district court denied the petitioners' request for fees and costs. Our supreme court retained DHS's appeal and ordered the matter to be expedited. Then, after the district court denied their request for fees and costs, Good and Beal appealed. Our supreme court declined to consolidate the two cases; this matter was transferred to us.

**I. Background Facts and Proceedings.**

In early 2017, Good sought Medicaid preapproval of expenses for an orchiectomy. The managed care organization (MCO) denied the request based on Iowa Administrative Code rule 441-78.1(4).[2] Good initiated an internal appeal, which the MCO denied. Good then appealed the MCO's decision to DHS, arguing the denial of her request violated the ICRA's prohibition against

---

[2] The rule provided:

For the purposes of this program, cosmetic, reconstructive, or plastic surgery is surgery which can be expected primarily to improve physical appearance or which is performed primarily for psychological purposes or which restores form but which does not correct or materially improve the bodily functions. When a surgical procedure primarily restores bodily function, whether or not there is also a concomitant improvement in physical appearance, the surgical procedure does not fall within the provisions set forth in this subrule. *Surgeries for the purpose of sex reassignment are not considered as restoring bodily function and are excluded from coverage.*
. . . .
*b.* Cosmetic, reconstructive, or plastic surgery performed in connection with certain conditions is specifically excluded. These conditions are:
. . . .
(2) Procedures related to transsexualism, hermaphroditism, gender identity disorders, or body dysmorphic disorders.
(3) Cosmetic, reconstructive, or plastic surgery procedures performed primarily for psychological reasons or as a result of the aging process.
(4) Breast augmentation mammoplasty, surgical insertion of prosthetic testicles, penile implant procedures, and surgeries for the purpose of sex reassignment.
. . . .
*d.* Following is a partial list of cosmetic, reconstructive, or plastic surgery procedures which are not covered under the program. This list is for example purposes only and is not considered all inclusive.
. . . .
(2) Cosmetic, reconstructive, or plastic surgical procedures which are justified primarily on the basis of a psychological or psychiatric need.
. . . .
(15) Sex reassignment.
Iowa Admin. Code 441-78.1(4) (emphasis added).

gender-identity and sex discrimination and violated the Iowa Constitution.[3] Following a hearing, an administrative law judge (ALJ) issued a proposed decision affirming the MCO's denial. The ruling enumerated the evidence and arguments presented before noting, "Whatever the merits of [Good's] claims, an administrative proceeding such as this can only preserve and not decide claims whose resolution is entrusted only to those wielding judicial authority. This includes deciding whether the MCO acted appropriately in denying [Good's] prior authorization request." (Footnote omitted.) Good appealed the proposed decision to the Director of DHS, who affirmed the ALJ's proposed decision and adopted it as the agency's final decision. Good filed a petition for judicial review in the district court.

In separate proceedings, Beal requested Medicaid preapproval of expenses for vaginoplasty, penectomy, bilateral orchiectomy, clitoroplasty, urethroplasty, labiaplasty, and perineoplasty to treat her gender dysphoria. The MCO denied her request, stating that gender reassignment surgery is not a covered benefit under Medicaid. Beal sought internal review, and the MCO denied her appeal, relying on rule 441-78.1. Beal challenged the MCO's decision to DHS. After a hearing, an ALJ issued a proposed decision affirming the MCO's decision. Like in Good's case, the ALJ noted the agency lacked authority to decide the merits of Beal's claims that the administrative rule in question violated the Iowa Constitution. However, the proposed decision considered Beal's claim that the rule violated the ICRA. The ALJ considered "whether sex reassignment

---

[3] Iowa Code section 216.7(1)(a) makes it "an unfair or discriminatory practice" to refuse or deny to any person a public accommodation because of their gender identity or sex.

surgery prohibited by an Iowa Administrative Code Medicaid rule properly falls within the parameters of a public accommodation," before concluding the MCO's decision had to be affirmed due to current case law. Beal appealed the proposed decision to the Director of DHS, who adopted the proposed decision as the final agency action.[4] Beal filed a petition for judicial review.

Based upon the joint request of all parties, the district court consolidated the two cases.

In a June 2018 ruling, the district court determined the challenged regulation violated the ICRA's prohibition against discrimination based on gender identity. As previously noted, this ruling was ultimately affirmed by our supreme court.[5] *See Good*, 924 N.W.2d at 856.

Shortly thereafter, Good and Beal filed an application for attorney fees and costs in the amount of $467,285.67. They based their request on two separate statutory theories of recovery. DHS resisted, arguing section 216.16 did not apply because the petitioners did not bring their case under ICRA procedures and section 625.29 did not apply because two exceptions to the fee-shifting provision prevented the petitioners from recovering fees and costs. Additionally, DHS maintained the fees requested were unreasonable.

---

[4] The Director made a few modifications in the findings of fact before adopting the decision; those findings are not at issue here.

[5] The district court also considered Good and Beal's claim that the regulation violated the Equal Protection clause of the Iowa Constitution. The court applied a heightened level of scrutiny to the regulation before concluding it could not withstand either intermediate or rational basis review. In its review of the district court's ruling, our supreme court affirmed on the basis that the regulation violates the ICRA's prohibition against gender-identity discrimination but, based on the doctrine of constitutional avoidance, did not consider the petitioners' constitutional claim. *See Good*, 924 N.W.2d 853, 863 (Iowa 2019); *see also Constitutional-Avoidance Rule*, *Black's Law Dictionary* (11th ed. 2019) ("The doctrine that a case should not be resolved by deciding a constitutional question if it can be resolved in some other fashion.").

The district court agreed with DHS that the statutes relied upon did not allow the petitioners to recover fees and costs. Good and Beal appeal.

## II. Standard of Review.

We review the district court's interpretation of statutes for correction of errors at law. *Colwell v. Iowa Dep't of Human Servs.*, 923 N.W.2d 225, 232 (Iowa 2019).

## III. Discussion.

Good and Beal brought their request for attorney fees and costs under two separate statutes—the ICRA and the Iowa Equal Access to Justice Act. They need only to prove one of the two statutes is applicable to recover their fees and costs.

### A. Iowa Civil Rights Act.

We first consider Good and Beal's claims for attorney fees and costs under section 216.16(6). It provides, in relevant part, "The district court may grant any relief in an action under this section which is authorized by section 216.15, subsection 9, to be issued by the commission." Iowa Code § 216.16(6). Section 216.15(9)(a)(8) allows for the award of "court costs and reasonable attorney fees" to a successful complainant.

Good and Beal acknowledge that they did not bring their challenge to the regulation pursuant to the ICRA procedures outlined in section 216.16, but they maintain neither case law nor the statute itself prevents recovery of fees for a claim based on the ICRA that was not brought under ICRA procedures. DHS responds that both case law and the statute itself—stating it applies "in an action under this section"—prevent their recovery.

In its ruling, the district court relied upon *Hollinrake v. Monroe County*, 433 N.W.2d 696, 699 (Iowa 1988) for the conclusion "the General Assembly intended the fee-shifting under [section] 216.16 to be restricted to cases brought through ICRA procedures." *Hollinrake* concludes that actions challenging the substance of an agency rule—as Good and Beal did—can only be brought under section 17A.19 and not the procedures of the ICRA. 433 N.W.2d at 699. But it is silent as to whether parties who properly bring ICRA claims under section 17A procedures can recover fees under the ICRA framework. And nothing in *Hollinrake* forecloses fee-shifting in cases such as Good and Beal's.

We have not found, and the parties have not provided, any authority determinative of this issue. So we must interpret the statute. In doing so, "our ultimate goal is to ascertain and give effect to the intent of the legislature." *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Mobil Oil Corp.*, 606 N.W.2d 359, 363 (Iowa 2000). "In determining legislative intent, we not only look to the language of the statute, but the objects sought to be accomplished, the purpose served, the underlying policies, the remedies, and the consequences of the various interpretations." *Id.* at 364. "Yet, when the language is plain and unambiguous, we do not look beyond the statute for its meaning and do not engage in further construction." *Id.* at 363. "[W]e give the words their plain and ordinary meaning when not specifically determined by the legislature or when there is no particular legal definition of the term." *Id.* We only consider legislative history "in interpreting statutory language found to be ambiguous." *Id.* at 365.

Good and Beal urge us to consider the "crucial importance" of awarding attorney fees and costs to prevailing plaintiffs involved in ICRA litigation. *See, e.g.*, *Ayala v. Ctr. Line, Inc.*, 415 N.W.2d 603, 605 (Iowa 1987) ("The reason for awarding attorney fees in such a case is to ensure that private citizens can afford to pursue the legal actions necessary to advance the public interest vindicated by the policies of civil rights acts."). But the plain language of section 216.16(6) prevents Good and Beal from recovering fees for their suit under this statute. It states, "The district court may grant any relief *in an action under this section* which is authorized . . . to be issued by the commission." Iowa Code § 216.16(6) (emphasis added). While their challenge to the agency rule was brought pursuant to chapter 216, it is undisputed it was not brought pursuant to section 216.16, which, other than the provision for fee-shifting, outlines the proper procedure for bringing an ICRA claim.

Because the language of the fee-shifting provision specifically limits it to proceedings conducted through the ICRA procedures contained in section 216.16, we agree with the district court that Good and Beal cannot recover fees and costs under this statute.

**B. Iowa Equal Access to Justice Act.**

Good and Beal also made their request for attorney fees and costs pursuant to section 625.29(1), which provides in relevant part, "[T]he court in . . . an action for judicial review brought against the state pursuant to chapter 17A other than for a rulemaking decision, shall award fees and other expenses to the prevailing party unless the prevailing party is the state." It is undisputed that Good and Beal meet this initial requirement. But there are several enumerated

exceptions when the general rule of awarding fees to the prevailing party "shall not" be applied.  *See generally* Iowa Code § 625.29(1)(a)-(h).

DHS successfully argued to the district court that two of the exceptions applied.  The district court concluded, "The state's role in the case was primarily adjudicative," and, "The action arose from a proceeding in which the role of the state was to determine the eligibility or entitlement of an individual to a monetary benefit or its equivalent."  *Id.* § 625.29(1)(b), (d).  Good and Beal's request for fees and costs is defeated if either exception is properly applied.  *See Id.* § 625.29(1) (stating the court "shall not make an award under this section if it finds one of the following").

We first consider section 625.29(1)(d), which precludes the court from awarding fees when "[t]he action arose from a proceeding in which the role of the state was to determine the eligibility or entitlement of an individual to a monetary benefit or its equivalent or to adjudicate a dispute or issue between private parties or to establish or fix a rate."  The parties agree that the relevant language here is whether the action involved: 1. an eligibility or entitlement; 2. to a monetary benefit or its equivalent.  Both Good and Beal and DHS agree that this is a two-part question and both parts must be met for the exception to apply.

To begin, we note the parties disagree on the goal sought by Good and Beal as we interpret paragraph (d).  Good and Beal maintain the questions are whether the role of DHS was to determine their "eligibility or entitlement" to the Medicaid program and whether Medicaid provides a "monetary benefit or its equivalent."  In contrast, DHS maintains the appropriate questions are whether the role of DHS was to determine Good and Beal's "eligibility or entitlement" to

medical payment for specific procedures and whether the medical assistance payments for those procedures qualify as "monetary benefits or its equivalent."

We believe the questions as posed by Good and Beal are too broad. As Good and Beal recognize, whether a person is eligible for Medicaid involves meeting certain criteria, such as proof of residency and showing an annual income below a certain threshold. *See* Iowa Admin. Code r. 447-75.1 ("Persons covered"), .25 (defining "member" as "a person who has been determined eligible for medical assistance under rule 441-75.1"), .71 (providing income limits). DHS was not asked in these proceedings to determine whether Good and Beal meet the eligibility requirements to be members of Medicaid; their membership was undisputed. Rather, the question was whether their membership in Medicaid allowed them to receive medical assistance payments for the specific procedures for which they requested authorization. *See* Iowa Code § 249A.2(7) ("'Medical assistance' or 'Medicaid' means payment of all or part of the costs of the care and services made in accordance with Tit. XIX or the federal Social Security Act and authorized pursuant to this chapter.").

Neither the statute itself nor any case law we have found defines the term "eligibility or entitlement" or "monetary benefit or its equivalent." But in *Colwell*, our supreme court determined the exception was met when the party appealing to DHS asked it to determine whether he was entitled to reimbursement payments under a statute. 923 N.W.2d at 238. The action Good and Beal requested DHS to undertake, to determine whether they were entitled to medical assistance payments for specific procedures, is similar enough that we do not believe we need specific definitions of the terms in dispute to decide that

exception (d) applies. We reach this conclusion in spite of the fact that the dentist in *Colwell* was requesting reimbursements while Good and Beal requested preauthorization for funds, as this distinction is inapposite to the determination.

Because the application of exception (d) prevents Good and Beal's recovery of fees pursuant to section 625.29(1), we need not determine whether paragraph (b) also applies.[6]

## IV. Conclusion.

The district court did not err in its determination that neither section 216.16(6) nor section 625.29(1) applies. Good and Beal are not entitled to recover their attorney fees and costs. We affirm.

**AFFIRMED.**

---

[6] We note that Good and Beal assert this exclusion is not applicable because DHS's role in these matters involved the preservation of the issues, and not adjudication. In support of this assertion, they claim the underlying facts were never in dispute; they never contested that the statute, as written, applied to prevent Medicaid's approval of the funds for the procedures at issue; and they were aware that DHS lacked the authority to decide the constitutional portion of their claims and only raised the issue to DHS to preserve it for judicial review. *See Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 688 (Iowa 1994) (providing that constitutional issues must be raised at the agency level to be preserved for judicial review even though agencies lack the authority to decide constitutional questions). The State responds by relying on *Colwell*, a recent supreme court case in which the court determined the state's role had been primarily adjudicatory when it determined it did not have jurisdiction to hear the case. 923 N.W.2d at 238. The State argues that although DHS did not have the authority to decide the constitutional claims made by Good and Beal, its role was still primarily adjudicatory because it was asked to determine if the MCO "followed the appropriate rules, laws, or guidelines when it denied" the petitioner's claims." *Id.*

In a recent case with similar procedural history, our court noted the concern that all contested cases fall under the category of primarily adjudicative before determining, based on the fact that DHS lacked the authority to decide the constitutional questions raised to it and "did not adjudicate the matter on appeal," that the state's role was not primarily adjudicative. *Endress v. Iowa Dep't of Human Servs.*, No. 18-1329, 2019 WL 2524193, at *4–6 (Iowa Ct. App. June 19, 2019). Following the entry of our opinion, DHS filed an application for further review, challenging in part our determination that section 625.29(1)(b) did not apply to prevent the recovery of fees. Our supreme court granted the application.